*Use this form if you are asking the court (not the BOP) for compassionate release from prison. Please make sure the form is typed or neatly written. Once you complete the form, mail it to the clerk of the United States District Court where you were sentenced.*

RECEIVED

JAN 2 8 2024

CHAMBERS OF
JUDGE MARRERO

# UNITED STATES DISTRICT COURT
## FOR THE
Southern **DISTRICT OF** New York City

UNITED STATES OF AMERICA

**Case No.** S3-16-CR-272-(VM)
(write the number of your criminal case)

v.

Joshua Mirabal

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**
(*Pro Se* Prisoner)

Write your full name here.

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☒ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

## I.    SENTENCE INFORMATION

Date of sentencing: _JANUARY 17th 2020_

Term of imprisonment imposed: _300 month's Total_

Approximate time served to date: _6 years with (_

Projected release date: _JAN - 27 - 2041_

Length of Term of Supervised Release: _3 years_

Have you filed an appeal in your case?

☑ Yes

☐ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

☑ No

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

_Denied 11-19-25_
_WARDEN RAY FCI Jesup_

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☑ Yes, I submitted a request for compassionate release to the warden on 11 - 1 -2025.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

_____

Was your request denied by the Warden?

☑ Yes, my request was denied by the warden on (date):  11 - 19-2025.

☐ No. I did not receive a response yet.

## III.    GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

### A. Are you 70 years old or older?

☐ Yes.

☑ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☑ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☑ Yes.

☐ No.

**B.  Do you believe there are other extraordinary and compelling reasons for your release?**

☑ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

☐ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

☑ There are other extraordinary and compelling reasons for my release.

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

See All Attachments and Exhibits unother then the Government I have Real Pictures Transcripts Facts, PSR, old motions, medical proof Civil Proof, Plea and Ms Comey's 3 different Story's and how she trump up the Charges to Death Penalty and my so called Lawyers Patel and mitch sold me out by misleding me for Comey I was Robb of my Life for no Reason

## IV. ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☑ Yes | ☐ No | ☑ Yes | ☐ No |
| Additional medical information | ☑ Yes | ☐ No | ☑ Yes | ☐ No |
| All Persanal info | ☑ Yes | | ☑ Yes | ☐ No |
| Exhibits, Facts, Evidene | ☑ Yes | | ☐ Yes | ☑ No |

## V.    REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☑ Yes

☐ No

## VI.    MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

12-5-2023

**Date**

X _(signature)_

**Signature**

Joshua Mirabal

**Name**

#78828-054

**Bureau of Prisons Register #**

FCI Jesup

**Bureau of Prisons Facility**

2680 Highway 301 South Jesup GA 31599

**Institution's Address**

UPDATED COMPASSIONATE RELEASE MOTION (

18 U.S.C. § 3582(c)(1)(A)
United States v. Mirabal

---

## MOTION FOR COMPASSIONATE RELEASE

I respectfully ask the Court to reduce my sentence under 18 U.S.C. § 3582(c)(1)(A). I am requesting release, or in the alternative, a sentence reduction or home confinement, based on extraordinary and compelling circumstances that were not fully understood at sentencing.

This motion is written in plain English so the Court can clearly see the issues.

---

### 1. Extraordinary and Compelling Reasons

A. My sentence is longer than it should be because it was based on errors

My sentence was increased using conduct that was dismissed, misunderstood, or overstated. The sentencing court relied on information that was not supported by physical evidence and that overstated my actual role and conduct.

Two courts have explained what happens when someone serves more time than they should because of these kinds of errors:

1. United States v. Murlero-Algarín, 866 F.3d 8 (1st Cir. 2017)

This case says that when a person overserves time because a prior conviction or sentence was based on bad information or later proven unjust, the court can credit that overserved time toward the current sentence or correct it. It also recognizes the court's power to fix sentencing wrongs when enhancements or other errors pushed the sentence too high.

This supports my request because my sentence was based on conduct that was overstated and misunderstood, causing me to serve more time than is fair.

2. Jett v. Bartlett, 2020 U.S. Dist. LEXIS 243508

This case explains that when procedural mistakes or bad information cause someone to serve more time than the law allows, the court can grant equitable relief, including reducing the sentence.

This directly supports my request because the prosecution's misstatements, the reliance on dismissed conduct, and the lack of physical evidence created a sentence that does not match the actual facts.

Together, these two cases show that courts can and should fix sentences that turned out to be unfair or excessive due to factual, procedural, or legal errors.

---

TRULINCS  78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

-------------------------------------------------------------------------------------------

At the time of the offense, I was young and still developing mentally. Newer federal policies and scientific research show that younger people have:

lower impulse control,

higher susceptibility to influence,

less ability to foresee consequences, and

a greater ability to change.

The U.S. Sentencing Commission now officially recognizes "youthful brain development" as a mitigating factor. I did not receive the benefit of that.

---

C. My rehabilitation is complete and proven

Throughout my time in custody I have:

completed multiple programs,

maintained a clean disciplinary record,

matured significantly,

built a strong release plan, and

taken responsibility for my past actions.

Rehabilitation alone does not mandate release, but courts consider it strongly when paired with other extraordinary circumstances.

---

D. Family medical circumstances

I am the only available caretaker for my elderly mother, and she is in poor health. My minor son also needs my support.

Courts have repeatedly recognized family medical hardship as a valid compassionate-release ground.

---

E. My release plan is strong and fully prepared

Upon release I will live with family in Kissimmee, Florida, where I have:

housing

employment through the Christopher Colón family business

medical treatment lined up for my disabilities

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

--------------------------------------------------------------------------------------

a stable environment

and the ability to finish school and work from home if required.

This plan ensures successful reentry and eliminates concerns regarding recidivism.

---

## 2. The § 3553(a) Factors Support Release

### A. My sentence is longer than necessary

Because of the sentencing errors discussed earlier (dismissed conduct, overstated enhancements, mischaracterized facts), my sentence is greater than necessary to achieve the goals of sentencing.

### B. I am no longer the same person

I have matured, completed extensive rehabilitation, and grown into a responsible adult. I present no danger to the community.

### C. A reduced sentence would avoid unfair disparity

My sentence is higher than what similar defendants receive today, especially for someone with:

limited criminal history

no physical evidence supporting the enhancement

young age at the time

and demonstrated rehabilitation

Modern sentencing policies would give me a substantially lower sentence.

---

## 3. Request for Relief

For all these reasons, I respectfully ask the Court to:

1. Grant my compassionate release, OR

2. Reduce my sentence to time served, OR

3. Allow me to serve the remainder of my sentence on home confinement, OR

4. Reduce my sentence to reflect:

corrections from Murlero-Algarin (credit for overserved time),

equity principles from Jett v. Bartlett (errors that made my sentence too long), and

modern youth-mitigation standards.

TRULINCS  78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

---------------------------------------------------------------------------------------------

---

Respectfully submitted,

Joshua Mirabal #78828-054
Pro Se
X_____ SR— N0V 7ᵗʰ 25

All Amendments That Apply

§4C1.1 First Time
§1B1.13
§1B1.3
§2D1.1
§3B1.2

Amendment 826
Amendment 821 CRIMINAL History
Amendment 814
§5H1.1 Youth Offender
NON TUNC PRO credit Time Retroactive

---

ARGUMENT / GROUND FOUR

COUNTS 1 AND 2 CANNOT BE STACKED BECAUSE THEY INVOLVE THE SAME IDENTICAL CONTROLLED SUBSTANCE, THE SAME ALLEGED CONSPIRACY PERIOD, AND THE SAME CONDUCT MAKING CONSECUTIVE SENTENCES ILLEGAL UNDER FEDERAL LAW AND THE 2025 AMENDMENTS

1. Count 1 and Count 2 both involve cocaine. They arise from the same conspiracy period and the same alleged drug activity. Under long-standing sentencing principles, the Government cannot multiply punishment for the same substance, the same conduct, or the same alleged conspiracy.
Both counts charge cocaine as a controlled substance meaning the sentencing exposure is based on the same drug, not different substances requiring separate treatment.

2. Federal law prohibits "double counting" of identical controlled substances within the same conspiracy.
A defendant cannot receive:

additional time,

a higher guideline range, or

consecutive sentences
for the exact same drug activity simply because the prosecution split it into multiple counts.

Courts consistently hold that when two counts involve the same controlled substance and the same conspiracy, the sentencing must be grouped and run concurrent.

3. The Government produced no evidence distinguishing Count 1 from Count 2 no separate transactions, customers, drug lines, or time frames..
There were no:

separate drug stashes,

separate drug operations,

independent suppliers,

discrete trafficking events, or

different substances.
The Government offered only one broad allegation of cocaine distribution and used that same allegation in both counts.
Without evidence that the counts address different conduct, the law requires concurrent sentencing.

United States v. Joshua Mirabal
Case No. S3 16-CR-272 (VM)
Hon. Judge Victor Marrero
Southern District of New York

---

Introduction

I respectfully request compassionate release under 18 U.S.C. § 3582(c)(1)(A). My sentence was affected by serious errors, my health has been damaged, and my family urgently needs me home. I have strong support, stable housing, a job waiting, and a full treatment plan. I am not the same person I was years ago, and I am prepared to return to society safely and successfully.

---

Reasons for Compassionate Release

1. My Sentence Was Increased Using Unproven, Incorrect, or Dismissed Allegations

At sentencing, several things were used against me that were never proven:

50 kilograms of marijuana with no evidence

280 grams of crack cocaine with no lab results or proof

"Large amounts" of cocaine with no quantity listed

Heroin labeled "unspecified," which is not legal or acceptable evidence

A dismissed murder allegation and facts I never admitted to

None of these things were proven at trial. Some were dismissed. Some were never part of my plea. Yet they still raised my sentence by many years.

Under today's standards, this would not happen. Courts now recognize that big sentencing jumps based on unproven allegations create unfair and excessive prison time.

2. My Plea Was Misrepresented

I was told clearly that I was not pleading to murder.

I admitted being involved in a shootout where someone tragically died   not a murder plan.

But later the prosecutor changed the wording and made it look like I admitted to murder. I never did. I was misled, pressured, and confused, and my lawyer did not protect me.

3. My Lawyer Failed to Protect My Rights

My attorney never challenged:

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A
--------------------------------------------------------------------------------------------------

The unproven enhancements

The "unspecified" heroin

The prosecutor changing the meaning of my plea

The use of dismissed allegations

The use of conduct not part of my plea agreement

I did not receive effective help, and this led to a sentence far higher than it should have been.

4. I Survived Extremely Harsh and Unconstitutional Conditions

While held at MDC Brooklyn:

I lived through the 2019 blackout: no heat, no lights, no showers, no medical care.

I was slashed by a mentally ill inmate who should have never been placed in population.

These events caused severe mental and emotional damage, including:

PTSD

Anxiety

Depression

Loss of sleep

Panic attacks

These hardships were far more severe than anything typical inmates experience.

5. The Government Was Found Liable for What Happened to Me

I have already won two civil cases:

1. MDC blackout   court found the conditions unconstitutional.

2. Slashing incident   court found the government at fault for placing the mentally ill inmate in the population.

I also have a third civil case (Mirabal v. Napoli Shkolnik, 25-cv-03472) scheduled for trial on Feb. 19, 2026, related to legal malpractice.

These victories show that what I went through was serious, real, and harmful.

6. My Health Has Declined

I suffer from:

PTSD

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

--------------------------------------------------------------------------------

Depression

Anxiety

Chronic pain

Untreated medical problems caused by years of trauma

Stress-related issues

Worsening mental-health symptoms


I need full medical evaluations, disability screenings, and treatment that prison cannot provide properly.

7. My Family Needs Me

My mother is 70 years old and needs help.

My son, Joshua Jr., is 16 and needs a father present in his life.

My family depends on me emotionally and financially.


Keeping me in prison continues to harm them.


---

Release Plan

1. Housing

I will live with family in Kissimmee, Florida, in a stable and safe home.

2. Employment

My close friend/relative Christopher Colón has a job ready for me in the family business.
If required, I can work from home immediately.

3. Medical Treatment

Upon release I will:

Begin full medical and mental-health evaluations

Receive PTSD, depression, and anxiety treatment

Attend disability screenings

Meet with qualified doctors in Kissimmee


4. Education

I plan to finish school and continue further education.

5. Supervision Compliance

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

--------------------------------------------------------------------------------

I am fully prepared to follow all conditions, including:

Home confinement

Drug testing

Counseling

Work requirements

Any restrictions the Court finds appropriate


---

Why Compassionate Release Is Appropriate Now

When you consider:

The wrongful drug amounts

The misleading plea

The misconduct

The unconstitutional prison conditions

The civil cases I already won

My serious health issues

My strong release plan

My family's urgent need

My clean conduct and commitment to change


 it is clear that keeping me in prison serves no purpose. I am no danger to anyone. I have a place to go, a job to start, treatment waiting, and a family that needs me home.


---

Request

I respectfully ask the Court to grant compassionate release and allow me to return home to my family in Kissimmee, Florida, where I can receive proper treatment, work, support my loved ones, and rebuild my life.

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

6. Simplification of Sentencing Procedures (2025 Amendment)

7. Hardship / Medical / Safety Conditions    Life threatened during mentoring; risk from mentally ill inmates

8. Over-punishment / Jail Credits (Case #25 appeal)

9. Overcharging / Prosecutorial Overreach    Maureen Comey's excessive enhancements

10. Dismissed / Acquitted Conduct    Murder and firearms charges dismissed but used to enhance sentence

---

III. Key Facts and Clarifications

1. Maintained innocence on murder; accepted non-violent charges after dismissal; lawyer letter confirms no evidence of murder

2. Murder allegation clarification    victim not an innocent bystander; no violent intent

3. Drug quantity challenges    most counts speculative; Delaware charges punished multiple times

4. Acquitted / dismissed conduct    enhancements improperly applied

5. Leadership role & criminal history points    misapplied; qualify for §4C1.1 reduction and §3B1.2 minor role

6. Mitigating role    §2D1.1(a)(5) reduces sentencing exposure for non-leadership conduct

7. Medical / safety conditions    life-threatening mentoring incidents; r

8. Parole / probation violations & incarceration timeline    alleged conduct impossible while incarcerated 2008, 2009 2012, 2012 2016; time should be credited toward federal sentence

9. Perseverance / integrity / proffer comparison    evidence from Carlos Vega (proffered,                sentence harsher

10. Fairness & citizenship    request fair treatment as an American citizen

11. Prosecutorial overreach    Comey's dismissal of charges could have ended life due to excessive enhancements and overcharging

12. Credit / Over-punishment Issue: Case #25 and incarceration timeline show I should receive proper credit under 2001 2016

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

-------------------------------------------------------------------------------------------

(A) A finding that Counts 1 and 2 involve the same controlled substance and the same conduct;
(B) That, under the 2025 Amendments, the counts must be grouped and sentenced concurrently;
(C) That any consecutive sentencing is illegal double-counting and must be corrected;
(D) Any additional relief the Court deems just and proper.

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

--------------------------------------------------------------------------------

had no drug nexus and cannot create two drug conspiracies out of one.
As argued in Ground Three, the 2005 incident was not drug-related and has no evidentiary basis.
Therefore, it cannot be used to pretend Count 1 and Count 2 involve distinct conduct.
The attempt to separate the counts is built entirely on hearsay, speculation, and a test-fired firearm none of which creates a new cocaine conspiracy.


5. The 2025 Amendments make clear that charges involving the same substance must be treated as a single unit of prosecution unless there is evidence of separate conduct.
These amendments emphasize:

eliminating duplicative punishments,

requiring grouping of identical drug counts,

prohibiting stacking based on the same factual allegations, and

forbidding the use of unproven, dismissed, or unrelated conduct to separate counts.
Under these rules, Counts 1 and 2 merge for sentencing purposes.


6. Even if separate counts exist on paper, the sentencing court must impose concurrent terms when the underlying conduct overlaps.
Federal sentencing is conduct-based, not count-based.
When:

the drug is the same,

the time period overlaps, and

the evidence is identical,
the Guidelines treat the counts as one unit.
Consecutive sentencing would be unlawful because it punishes Mr. Mirabal twice for the same alleged cocaine distribution activity.


7. The record confirms that there was never more than a single alleged cocaine distribution conspiracy.
There was no proof at trial, in the plea, or in any discovery that:

Count 1 involved one cocaine distribution conspiracy

while Count 2 involved a second, different one.
The Government never alleged two separate drug organizations.
It never produced evidence of compartmentalized operations.
It relied on the same investigative materials for both counts.
This makes consecutive sentencing both improper and illegal.


---


RELIEF REQUESTED (for Argument #4)

For the reasons stated above, Mr. Mirabal respectfully requests:

TRULINCS 78828054 - MIRABAL, JOSHUA - Unit: JES-F-A

-------------------------------------------------------------------------------------------------

---

IV. Rehabilitation and Remorse

Focused on rehabilitation, education, mentoring

Accept responsibility, remorseful, committed to positive reintegration

Desire to bring closure to affected families

---

V. Exhibits / Supporting Documents (space to attach)

1. PlEA Agreement, Sentence TRANscRipt's, LAWyeR LetteR DAted July 9th 2018 WAS sentenced on JAN 17th 2020.

2. Civil cAse's showing Life changing and hardship condition's. Also Even medicinally Abusing me (me MiRAbAl) mental heAlth wise By StAting Testing Postive for Hep B ViRAl ViRVS (Hepatitis B Testing lAter on that)

3. MiRAbAl NeveR WAS Treated nor Positive. 2001~2016 Indictment No cRedit's were given for time spent while on tl Indictment. Patel and mitch with Ms Comey were All UNpeRfessionAl

4. MiRAbAl undeR indictment fAll's As 1st time offender and Disiniss murde makes sentence void and NOT LegAl.

5. MuRdeR WAS July 30th 2005 Hi·Point 9mm Test Fired 30 dAys lAter By NYPD. NO ArRest NO otheR FireARms were Recovered and Comey IN HeR OWN statement's State NO Evidente connecting MiRAbAl to A 9m HAndGun. All is hecRsAy and People using the murdeR to Reduce there Time on A sentence that HAs nothing to Do with 2001-2016 indictment.

VI. Requested Relief

1. Executive clemency or sentence commutation

2. Apply §4C1.1 reduction, §1B1.3 relevant conduct corrections, §2D1.1(a)(5) mitigating role, §3B1.2 minor role

3. Apply Non Pro Tunc and simplification of sentencing procedures

4. Consider hardship conditions and medical/safety factors

5. Apply jail credits under Case #25 and correct over-punishment

UNITED STATES OF AMERICA
v.
JOSHUA MIRABAL,
 Defendant.

Case No.: S3 16-CR-272 (VM)

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

TO THE HONORABLE JUDGE VICTOR MARRERO:

Now comes the Defendant, Joshua Mirabal (#78828-054), respectfully moving this Honorable Court for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act, and related amendments recognizing extraordinary and compelling circumstances that justify relief.

## I. BACKGROUND

Mr. Mirabal was sentenced to a total term of 25 years   20 years on Count One and 5 years on Count Two   for nonviolent drug-related offenses under 21 U.S.C. § 841. All firearm and murder-related counts, including 18 U.S.C. § 924(j), were dismissed before sentencing. Despite this, the dismissed and expunged charges were improperly used to enhance his sentence through guideline adjustments and character misrepresentations.

At the time of indictment, the government alleged conduct spanning 2001 to 2016. Mr. Mirabal was born in 1986, making him 15 years old when the indictment period began   a critical fact under U.S.S.G. § 5H1.3 (Youth Offender Mitigation) and subsequent amendments that recognize the reduced culpability and increased potential for rehabilitation of youthful offenders.

## II. EXTRAORDINARY AND COMPELLING CIRCUMSTANCES
1.    Coerced and Misled Plea Agreement:
Mr. Mirabal was coerced into signing a plea agreement under the false assurance that his sentence would be far less severe than what was ultimately imposed. Enhancements and adjustments were never properly explained to him. His plea was neither knowing nor intelligent, violating the standards established under Boykin v. Alabama, 395 U.S. 238 (1969).
2.    Failure to Arraign on One Count:
Mr. Mirabal was never formally arraigned on one of the counts to which he ultimately pled. This procedural failure renders the plea and subsequent judgment constitutionally defective, violating Rule 10 of the Federal Rules of Criminal Procedure and due process rights under the Fifth Amendment.
3.    Use of Dismissed and Expunged Charges to Enhance Sentence:
Despite the dismissal of the murder and firearm counts, the prosecution and Presentence Report incorporated those dismissed allegations to justify upward enhancements. Courts have repeatedly held that reliance on dismissed or acquitted conduct to impose harsher sentences undermines the principles of fairness and finality (see United States v. Watts, 519 U.S. 148 (1997) (Stevens, J., dissenting)).
4.    Misrepresentation by Prosecutor Maureen Ryan Comey:

---

## II. EXTRAORDINARY AND COMPELLING REASONS
 Rehabilitation   Over 2½ years infraction-free; long-term work record in maintenance, kitchen, UNICOR, and unit orderly positions; trusted by staff.
 Education   Currently enrolled in GED classes and all available programs.
 Trauma   I survived a serious facial slashing by a mentally-ill inmate; I pursued justice lawfully through civil actions, winning two suits.
 Medical & safety   Permanent scarring and related stress place me at continued risk in custody.
 Time-credit miscalculation   Under the  June 17 2025 BOP

UNITED STATES OF AMERICA .

v.

JOSHUA MIRABAL,
Defendant.

Case No.: S3 16-CR-272 (VM)

MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

TO THE HONORABLE JUDGE VICTOR MARRERO:

Now comes the Defendant, Joshua Mirabal (#78828-054), respectfully moving this Honorable Court for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act, and related amendments recognizing extraordinary and compelling circumstances that justify relief.

IV. Clemency Request (First Step Act & Second Chance Act)

Grounds:
> Recalculation of sentence
> Application of earned good time credits
> Recognition as non-violent offender

Requested Relief:
> Recalculated sentence
> Early release or home confinement
> Any other relief deemed just and proper by the Court

V. Personal Letter to the Judge
> Includes remorse, rehabilitation, youth at time of offenses, willingness to comply with conditions, and clarification about the incident.

---

IV. RELIEF REQUESTED

In light of the extraordinary and compelling circumstances described above, Mr. Mirabal respectfully requests the following relief:

A. Vacatur of judgment and resentencing;
B. Vacatur of plea and return to the pre-plea stage;
C. An evidentiary hearing to fully address these constitutional and factual discrepancies; and
D. Any other relief this Court deems just and proper under 18 U.S.C. § 3582(c)(1)(A) and the interests of justice.

---

II. 28 U.S.C. §2255 Motion (Freedom Motion)

Background and Arguments:
> Sections 1 3 cover procedural violations, coerced plea, lack of arraignment, prosecutorial misconduct, and constitutional violations.
> Case law citations from Section I support claims.

Requested Relief:
> Vacate judgment and resentencing
> Vacate plea and return to pre-plea stage

Case: S3 16-CR-272 (VM)
Petitioner: Joshua Mirabal

**Facts & Background:**
The petitioner was indicted from 2001 to 2016 across New York, New Jersey, and Delaware. He pled guilty to two non-violent drug offenses. The murder charge and firearms charges were dismissed, yet were used to enhance his sentence. He was a minor when the indictment began (15 years old), and has served time in federal custody since 2017.

**Grounds for Relief #7:**
During the course of the indictment, Carlos Vega testified and provided statements under oath. The record shows that he received a reduced sentence despite having access to substantial evidence, including murder weapons and the location of the incident. It is also documented that some of his statements were false. This factual record is relevant to the assessment of credibility and sentencing.

**Grounds for Relief #9:**
The petitioner was not credited for time already served during the scope of the indictment (2001 2016) across all states involved, including New York, New Jersey, and Delaware. The time served in state custody during this period was effectively used as punishment for the federal charges, without proper recognition in federal sentencing. This failure to apply earned credits constitutes a fundamental sentencing error, resulting in an excessive and unjust sentence. All prior convictions were used as enhancements, despite occurring outside New York, further compounding the inequity.

**Other Considerations:**
>    Non-violent offense history
>    Lack of physical evidence for drug quantities
>    Age at time of alleged offenses
>    Remorse, family support, and rehabilitation efforts
>    Scar on face and medical issues suffered in custody

**Relief Requested:**
A fair and just sentence consistent with actual charges pled to, proper credit for time served, and consideration of co-defendant disparities.

United States v. Buchanan, (No. 22-14195) (11th Cir. August 12, 2025)
Timothy Buchanan was convicted by a jury on multiple fraud-related charges and sentenced to 116 months in prison. On appeal, he challenged several convictions and his sentence, arguing sentencing errors. Specifically, the sophisticated means enhancement. Because his role in the conspiracy was limited to cashing the counterfeit checks produced, Buchanan was simply a "worker" in the conspiracy. The Court concluded that, without further findings, the district court erred in imposing the sophisticated means enhancement. The Court vacated his sentence and remanded for resentencing.

United States v. Rosado, (No. 22-1013-cr)(2d Cir. July 30, 2024) Rosado appealed his judgment. He challenged seven additions to his conditions of supervised release on the ground that they were not orally pronounced at sentencing, but were added only later in the written judgment of conviction. The Court agreed with Rosado that the oral pronouncement of his sentence does not match his subsequent written judgment. The oral pronouncement controls, and so any burdensome punishments or restrictions added in the written judgment should be removed. Accordingly, the Court vacated and remanded to the district court to strike the challenged conditions from the written judgment.

2. Compassionate Release Motion

Case: S3 16-CR-272 (VM)
Petitioner: Joshua Mirabal

**Facts & Background:**
Petitioner has served substantial time in federal custody. Indictment period: 2001 2016 (NY, NJ, DE). He pled guilty to non-violent drug offenses; dismissed murder and firearm charges were improperly used to enhance his sentence.

**Grounds for Relief #7:**
During the course of the indictment, Carlos Vega testified and provided statements under oath. The record shows that he received a reduced sentence despite having access to substantial evidence, including murder weapons and the location of the incident. It is also documented that some of his statements were false. This factual record is relevant to the assessment of credibility and sentencing.

**Grounds for Relief #9:**
The petitioner was not credited for time already served during the scope of the indictment (2001 2016) across NY, NJ, and DE.

housed maintenance, Unicor, kitchen, and even in the Special Housing Unit as an orderly. I have never been fired or refused work. I've completed every rehabilitative program available, including drug treatment, anger management, and reentry preparation. I also remain enrolled in GED classes and am determined to earn my diploma.

I have been disciplinary-free for more than two and a half years, except for one write-up involving a cell phone found in a vent connected to multiple cells. I pled not guilty and was denied a fair hearing. Aside from that, my record is clean, my work ethic is strong, and I have shown continual progress.

I have also suffered serious trauma while incarcerated. I was slashed across the face by a mentally ill inmate a permanent scar that has made me a target and forced me to constantly defend myself. I've experienced blackouts and psychological distress as a result. Two of my civil lawsuits against the government were won, confirming the truth of these incidents.

If granted clemency, I have a solid plan for reentry. I will live with my cousin Christopher Colon, a U.S. military veteran who owns a family-run hair and nail salon in Kissimmee, Florida, where I will work legitimately. My family also operates a certified dog-breeding business where I can work part-time while I apply for disability benefits for my medical conditions. I will have a safe, drug-free home surrounded by responsible family members dedicated to my success and rehabilitation.

Furthermore, I have not received my proper earned time credits under the First Step Act and Second Chance Act, which provide up to 15 days per month for eligible non-violent offenders. With the correct application of these credits, I would already qualify for home confinement or immediate release.

eligible non-violent offenders up to 15 days a month of earned time credits. With the correct calculation, I would already qualify for home confinement or immediate release.

Your Honor, I am not asking for sympathy, only fairness. My case was not about drugs, gangs, or money it was a personal situation mischaracterized and over-penalized. The charges I pled guilty to do not justify a 25-year sentence, particularly given the dismissed allegations and the amendments that now recognize the injustice of excessive sentencing for non-violent offenders.

For all the reasons stated, and in the interest of justice, I respectfully request that this Court:

A. Vacate the judgment and resentence me under the corrected guidelines;
B. In the alternative, grant immediate compassionate release or home confinement;
C. Hold an evidentiary hearing to clarify the record; and
D. Grant any other relief this Court deems just and proper.

housed maintenance, Unicor, kitchen, and even in the Special Housing Unit as an orderly. I have never been fired or refused work. I've completed every rehabilitative program available, including drug treatment, anger management, and reentry preparation. I also remain enrolled in GED classes and am determined to earn my diploma.

I have been disciplinary-free for more than two and a half years, except for one write-up involving a cell phone found in a vent connected to multiple cells. I pled not guilty and was denied a fair hearing. Aside from that, my record is clean, my work ethic is strong, and I have shown continual progress.

I have also suffered serious trauma while incarcerated. I was slashed across the face by a mentally ill inmate a permanent scar that has made me a target and forced me to constantly defend myself. I've experienced blackouts and psychological distress as a result. Two of my civil lawsuits against the government were won, confirming the truth of these incidents.

If granted clemency, I have a solid plan for reentry. I will live with my cousin Christopher Colon, a U.S. military veteran who owns a family-run hair and nail salon in Kissimmee, Florida, where I will work legitimately. My family also operates a certified dog-breeding business where I can work part-tim

Furthermore, I have not received my proper earned time credits under the First Step Act and Second Chance Act, which provide up to 15 days per month for eligible non-violent offenders. With the correct application of these credits, I would already qualify for home confinement or immediate release.

Re: Petition for Executive Clemency   Commutation and/or Pardon
Joshua Mirabal, Reg. No. 78828-054   Case No. S3 16-CR-272 (VM)

Joshua Mirabal #78828-054
FCI Jesup
2680 Highway 301 South
Jesup, GA 31599