**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

- against -

JOSHUA MIRABAL,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/26

**16 Cr. 272 (VM)**

**DECISION & ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Joshua Mirabal ("Mirabal") has filed two *pro se* motions: (1) a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)") (see Dkt. No. 699 (the "Sentence Reduction Motion"); and (2) a motion for relief under 28 U.S.C. § 2255 ("Section 2255"), requesting appointment of counsel, and requesting a video conference. (See Dkt. No. 696 ("2255 Motion").) Mirabal has also filed numerous additional documents in support of both Motions. (See Dkt. Nos. 707, 710, 711, 712.) The Government opposes both Motions. (See Dkt. Nos. 704 ("Sentence Reduction Opposition"), 705 ("2255 Opposition").) For the reasons discussed below, the Court **DENIES** Mirabal's Sentence

Reduction Motion and **TRANSFERS** Mirabal's 2255 Motion to the United States Court of Appeals for the Second Circuit.

## I. BACKGROUND

The Court assumes the parties' familiarity with the history of the case and only recites those facts only as necessary to decide the Motion. On September 21, 2018 Mirabal pled guilty to distributing narcotics and conspiracy to distribute narcotics, which involved participation in a murder in furtherance of the conspiracy. (See Dkt. No. 666 at 2 (Decision and Order Dated December 9, 2022 Denying Motion for Compassionate Release and Sentence Reduction).) This Court sentenced Mirabal to 300 months imprisonment. (See id.) This Court previously denied Mirabel's motion for compassionate release or a sentence reduction based on grounds similar to those raised in the present Motion. (See Dkt. No. 666.) Likewise, Mirabal previously filed a motion for relief under Section 2255 challenging his judgment of conviction. (See Dkt. No. 629.) This Court denied that motion on the merits. (See Dkt. No. 675.)

## II. SENTENCE REDUCTION MOTION

In his Sentence Reduction Motion, Mirabal raises two general categories of arguments, the first challenging his

underlying conviction and sentence, and the second requesting relief due to events that have occurred during his incarceration. (See generally Sentence Reduction Motion) While the Court construes Mirabal's *pro se* Motion liberally, as it must, see, e.g., McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017), Mirabal has failed to demonstrate that "extraordinary and compelling reasons warrant" a reduction of his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), or any other reason justifying relief.

A. Challenges to Conviction and Sentence

First, Mirabal argues that the Court sentenced him to an improperly long term, including the Court's allegedly improper application of United States Sentencing Guidelines ("Guidelines") provisions relating to narcotics offenses and a defendant's role in an offense. (See Sentence Reduction Motion at 7, 12.) But a motion for a reduction in sentence is not an opportunity to merely "second guess or to reconsider the sentencing court's original decision," nor is it a "resentencing." United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal citations and quotation marks omitted). At bottom, Mirabal asks this Court to reconsider

his sentence, something the Court cannot do under Section 3582(c)(1)(A).

Second, Mirabal argues that his lawyers failed to adequately represent him, that the evidence against him was flawed, and that the Government engaged in prosecutorial misconduct. (See Sentence Reduction Motion at 12-13, 16, 20, 22.) Those arguments attack the constitutionality of Mirabal's conviction. Such arguments are properly addressed via a post-conviction motion under 28 U.S.C. § 2255. See, e.g., Celli v. Perez, No. 22-CV-2353, 2022 WL 922779, at *3 (S.D.N.Y. Mar. 29, 2022) ("Challenges to the constitutionality of a federal conviction must be raised on direct appeal or in a motion under § 2255.") The Court declines to entertain those arguments here because Section 3582(c)(1)(A) "is not a vehicle for attacking the validity of a conviction." Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026); see also United States v. Andrews, 705 F. Supp. 3d 142, 149 (S.D.N.Y. 2023) ("[D]efendants cannot use compassionate release as an end-run around a properly filed post-conviction Section 2255 motion or appeal."). Indeed, Mirabal has concurrently filed a motion under Section 2255, in which he makes substantially the same arguments. (See 2255

Motion) There is no need for the Court to consider the same arguments here.

Third, Mirabal argues that several changes to Guidelines adopted after his sentencing warrant a reduction in his sentence. (See Sentence Reduction Motion at 9-12.) Each of those arguments fails. To start, Mirabal invokes Amendment 826 to the Guidelines, which clarifies what "relevant conduct" a court may consider at sentencing. (See id. at 11.) However, "Amendment 826 is not retroactive." United States v. Frias, No. 01-CR-307, 2024 WL 5155128, at *1 (S.D.N.Y. Dec. 18, 2024), and "nonretroactive sentencing amendments" are not reasons that can qualify as "extraordinary and compelling" under the compassionate release statute. Rutherford v. United States, 608 U.S. 454, 467 (2026). Amendment 826 is therefore of no help to Mirabal.

The other changes Mirabal cites simply do not apply to his case. Amendment 821 (cited at Sentence Reduction Motion at 11) allows for a two-point reduction in offense level for an offender with no criminal history points. See United States v. Falu, No. 21-CR-44, 2026 WL 1396600, at *1 (S.D.N.Y. May 19, 2026). But Mirabal had numerous criminal history points, so Amendment 821 does not apply. (See Dkt. No. 675 at 3.)

Likewise, Section 5H1.1 of the Guidelines, which allowed for downward departures for youthfulness, does not apply where the defendant's conduct was "calculated and deliberate." United States v. Devalle, 17-CR-314, 2024 WL 3934989, at *4 (S.D.N.Y. Aug. 23, 2024) (recognizing "Courts in this District have denied similar motions for compassionate release based on the defendant's age, where the defendant's actions were calculated and deliberate and not the product of duress" and collecting cases). Mirabal was involved in a narcotics conspiracy for fifteen years – the exact type of "calculated and deliberate" conduct that precludes the application of Section 5H1.1. Id.[1]

B. Events During Incarceration

Mirabal also requests a sentence reduction due to several events he alleges have occurred during his incarceration. None warrant a sentence reduction.

First, Mirabal claims his rehabilitation in prison warrants a sentence reduction. (See Sentence Reduction Motion at 8-9, 15, 20.) However, "district courts in this Circuit have widely held that rehabilitation through participation in

---

[1] The Court notes that Section 5H1.1 has been deleted from the 2026 edition of the Guidelines.

prison programs . . . does not constitute an 'extraordinary and compelling' justification for release." United States v. Bennett, No. 15-CR-95, 2022 WL 3445349, at *3 (S.D.N.Y. Aug. 17, 2022) (collecting cases). The Court declines to reduce Mirabal's sentence simply due to his alleged good behavior.

Second, Mirabal explains that his incarceration has caused his family hardship. This Court already denied Mirabal's previous request for a sentencing reduction on that basis, (see Dkt. No. 675 at 22), and finds nothing warranting a different result here.

Third, Mirabal claims he is entitled to a sentence reduction because of certain medical issues, namely, "PTSD, depression, anxiety, chronic pain, untreated medical problems caused by years of trauma, stress-related issues, [and] worsening mental-health symptoms." (Sentence Reduction Motion at 13-14.) Only certain types of medical issues warrant a sentencing reduction under Section 3582(c)(1)(A):

> (1) a "terminal illness," (2) a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or (3) a "medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

Stillwell, 2026 WL 276018, at *2 (quoting U.S.S.G. § 1B1.13(b)(1)).

There is no indication Mirabal's conditions are terminal, that he cannot recover from them, or that the Bureau of Prisons has failed to provide medical care. (See Sentence Reduction Opp. at 11-12; Dkt. Nos. 704-2-12 (Mirabal's medical records).) Mirabal's medical conditions, therefore, do not warrant a sentencing reduction. See Stillwell, 2026 WL 276018, at *2.

Finally, Mirabal claims that his pretrial incarceration at the Metropolitan Detention Center (the "MDC") warrant a sentence reduction. (See Sentence Reduction Motion at 13.) Mirabal's experiences at the MDC occurred before his sentencing, and he raised those same arguments in his sentencing submission. (See Dkt. Nos. 564 at 4, 564-9.) This Court considered Mirabal's sentencing submission in determining the appropriate sentence and declines to "reconsider [its] original decision" here. Roney, 833 F. App'x at 854.[2]

[2] The Government also argues that Mirabal has failed to exhaust his administrative remedies and the considerations listed in 18 U.S.C. § 3553(a) weigh against a sentencing reduction. (See Sentence Reduction

## III. 2255 MOTION

Mirabal previously filed motion for relief under Section 2255 challenging his judgment of conviction. (See Dkt. No. 629.) This Court denied that motion on the merits. (See Dkt. No. 675.) Because Mirabal previous motion under Section 2255 was decided on the merits, his current Motion is a second or successive motion. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). Before a second or successive Section 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Mirabal must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[3]

In the interest of justice, the Court transfers the Motion to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. 28 U.S.C. § 1631; Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam).

---

Opp. at 4-5, 13-14.) The Court sees no need to examine those arguments because it denies Mirabal's Motion on other grounds.

[3] Mirabal must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. See 28 U.S.C. § 2255(h).

Because the Court does not consider the merits of Mirabal's 2255 Motion before transferring the Motion to the Second Circuit, the Court denies Mirabal's Motion for Appointment of Counsel without prejudice. See, e.g., Jaber v. Michael, No. 20-CV-8123, 2020 WL 6997343, at *2 (S.D.N.Y. Oct. 8, 2020); Green v. United States, No. 92-CR-159A, 2016 WL 443620, at *3 (W.D.N.Y. Aug. 23, 2016).

Finally, the Court sees no need to hold a hearing on these matters and denies Mirabal's Motion for a videoconference.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Motion of Defendant Joshua Mirabal ("Mirabal") for a Sentence Reduction (Dkt. No. 699) is **DENIED;**

**ORDERED** that the Motion of Mirabal for Postconviction Relief under 28 U.S.C. § 2255 (Dkt. No. 696) is **TRANSFERRED** to the United States Court of Appeals for the Second Circuit;

**ORDERED** that Mirabal's Motion for Appointment of Counsel (Dkt. No. 696) is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that Mirabal's Motion for Videoconference (Dkt. No. 696) is **DENIED.**

As the Motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Joshua Mirabal, Register Number 78828, FCI Jesup, Federal Correction Institution, 2680 301 South, Jesup, GA 31599.

**SO ORDERED.**

Dated: 17 November 2026
New York, New York

Victor Marrero
U.S.D.J.